

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*     *(503) 727-1000*
*Portland, OR  97204-2902*     *Fax: (503) 727-1117*

December 18, 2012

James L. Maher, Esq.
PO Box 19973
Portland, OR 97280

     Re:      *United States v. Ivan Sosa Gascon,* Case No. CR11- 412 BR
             Plea Agreement Letter

Dear Counsel:

1.     **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.     **Charges**: Defendant agrees to plead guilty to Count 1of the Indictment charging a Conspiracy to Distribute Heroin in a quantity of more than one kilogram, in violation of Title 21, U.S.C., Sections 841(a)(1), (b)(1)(A)(1) and § 846.

3.     **Penalties**: As charged, Count 1 carries a mandatory minimum sentence of ten years' imprisonment, a maximum sentence of life imprisonment, a fine of $10,000,000, at least five years of supervised release, and a $100 fee assessment. Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea, or explain to the court why it cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4.     **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this drug investigation, known to the USAO at the time of this agreement.

5.     **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6.     **Relevant Conduct**: The parties stipulate that defendant's relevant conduct pursuant to USSG §§1B1.3 and 2D1.1(c)(4) is at least one kilogram of heroin but less than three kilograms of heroin for a Base Offense Level of 32, prior to adjustments. The parties also agree that defendant's advisory guideline offense level will be reduced four levels, pursuant to USSG §

James L. Maher, Esq.
Re: Ivan Sosa Gascon Plea Letter
Page 2

3B1.2 (b), as a minimal participant in the offense. Also, the parties agree, pursuant to USSG §
2D1.1(a)(5)(A)(i) (defendant who receives mitigating role adjustment and is sentenced under
level 32), that defendant's offense level is further reduced two levels.

7.      **§3553 Reduction:** For resolution of this case, without pre-trial litigation, the parties
agree to an additional reduction of two levels under the advisory guidelines under 18 U.S.C.
§3553(a).

8.      **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully
admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case. If
defendant does so, the USAO will recommend a three-level reduction in defendant's offense
level (two levels if defendant's offense level is less than 16). The USAO reserves the right to
change this recommendation if defendant, between plea and sentencing, commits any criminal
offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts
inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.      **Sentencing Recommendation:** On the basis of the advice of the sentencing guidelines,
the application of 18 U.S.C. § 3553(a), and all considerations of this agreement, the government
and defendant agree to recommend jointly a sentence of 30 months' imprisonment.

10.     **No Enhancement**: The USAO agrees not to file for a sentencing enhancement under 21
U.S.C. § 851 if defendant has any prior felony drug convictions.

11.     **"Safety Valve" Adjustment**: If defendant meets the criteria of 18 U.S.C. § 3553(f) and
USSG § 5C1.2 for "safety valve" relief from a mandatory minimum sentence, the parties will
recommend a two-level reduction in offense level pursuant to USSG § 2D1.1(b)(11).

12.     **Additional Departures, Adjustments, or Variances**:

        The USAO agrees not to seek any upward departures, adjustments, or variances to the
advisory sentencing guideline range, or to seek a sentence in excess of that range, except as
specified in this agreement. Defendant agrees not to seek any downward departures,
adjustments, or variances to the advisory sentencing guideline range under the sentencing
guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except
as specified in this agreement.

13.     **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily
waives the right to appeal from any aspect of the conviction and sentence on any grounds, except
for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court
arrives at an advisory sentencing guideline range by applying an upward departure under the
provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18
U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range.

**Revised 02/03/10**

James L. Maher, Esq.
Re: Ivan Sosa Gascon Plea Letter
Page 3

Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

14.     **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

15.     **Sentencing Hearing and Limited Plea Contingency**: As part of this agreement, defendant and his counsel agree to continue sentencing for a sufficient period to allow for resolution of a discovery matter relating to a government's witness. Defendant reserves the right to withdraw his plea based only on any potential discovery disclosure relating to that witness. Defendant fully understands that any potential disclosure will be governed by the discovery rules, prevailing case law, constitutional standards and/or court order and may or may not result in disclosure to him and his counsel. Defendant further understands that withdrawal of plea under that limited circumstance will nullify this plea agreement and return the parties to their respective positions before this agreement was made.

16.     **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

17.     **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

18.     **Forfeiture Terms**:

        A.     **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 924(d) including the assets listed below, which defendant admits constitute the proceeds of defendant's criminal activity; or were used to facilitate defendant's criminal activity, in violation of Title 21, U.S.C., Sections 841(a)(1), (b)(1)(A)(1) and § 846, as set forth in Count 1 of the Indictment.

        B.     **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any

James L. Maher, Esq.
Re:  Ivan Sosa Gascon Plea Letter
Page 4

forfeiture proceeding involving this property, and agrees not to assist others in filing a claim in any forfeiture proceeding. Defendant agrees to the administrative forfeiture of the following assets:

> $42,340.00 in United States currency;
>
> $108,407.00 in United States currency;
>
> $5,076.00 in United States currency;
>
> 2004 Trails West (2) Horse Trailer, VIN# 49SB712224P022127;
>
> 2008 Ford F250 Truck, VIN# 1FTSW21RX8EA20383;
>
> 2007 Nissan Xterra, VIN# 5N1AN08W97C530440;
>
> One Men's Rolex Watch, White, SN 394554P4;
>
> One Taurus 9mm Semi-Automatic Pistol, SN TBY54960;
>
> One Remington Arms 30-06 Rifle, SN 47681;
>
> One Smith and Wesson Revolver, SN AUY1125;
>
> One Colt Pistol, SN FA072337; and,
>
> One Davis Industries Pistol, SN DO26505.

      C.    **No Alteration or Satisfaction**:  Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets.  Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure.  Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

19.    **Memorialization of Agreement**:  No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

/ / /

/ / /

/ / /

/ / /

Revised 02/03/10

James L. Maher, Esq.
Re:  Ivan Sosa Gascon Plea Letter
Page 5

20.    **Deadline**:  This plea offer expires if not accepted by December 21, 2012, at 5:00 p.m.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

KATHLEEN L. BICKERS
Assistant United States Attorney

THOMAS H. EDMONDS
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

12-20-12
Date

Defendant

I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

12-20-12
Date

Attorney for Defendant

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case.  I fully and accurately interpreted discussions between the defendant and the attorney.

20 December 2012
Date

Interpreter (if necessary)

Revised 02/03/10